**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**at New Haven**

**Case No. 3:20-cv-00353-JAM**

**In re: JOHN ALAN SAKON**
**Debtor-Appellant**

**Vs.**

**A&F Main Street Associates, LLC**
**Creditor-Appellee**

# APPELLANT'S REPLY BRIEF

**Appeal of the Decision of the**
**Bankruptcy Court of Hartford**
**Denying Debtor's Motion for Extension of Time**
**To Accept or Reject Lease**
**DOCKET NO. 19-21619 [85] [129]**

**JULY 20, 2020**

By: [signature]

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel: (860) 793-1000
Fax: (860) 675-4600
Email: johnsakon@sakon.biz

Hyperlinks are active

## Table of Contents

I. **Table of Authorities Cases, Statutes and References** P3

II. **Counter Statement of the Case** P3

III. **Argument** P5

IV. **Conclusion** P12

V. **Certificate of Compliance** P13

VI. **Notice and Certification** P13

VII. **Appendix** P15

Exhibit A P16

Exhibit B P17

TOC

## I. Table of Authorities Cases, Statutes and References

*Housing Authority v. Hird,* 13 Conn.App. 150, 155 (1988) Page 6

*Presidential Village, LLC v. Melissa PHILLIPS et al*. 325 Conn. 394, 402-404, 158 A.3d 772 (2017) Page 6

## II. Counter Statement of the Case

Note. The Appellee has failed to number his paragraphs as required by the rules of procedure. The Appellant has made best effort to identify relevant paragraphs by section in this counter statement.

**1.** As to the first paragraph: "A&F Main Street….".

**a.** A lease was stipulated to in the pleadings.

**2.** As to the second and third paragraphs = "In October of 2018…." and "On December 19, 2018, ….".

**a.** These statements are allegations and cannot serve as facts entered into evidence. Appellant does (and did) contest these allegations. In accepting these allegations as "Uncontested Facts" in its ruling, the bankruptcy court erred in its failure to hold an evidentiary hearing as to these allegations.

**3.** As to the fourth paragraph: "On August 14, 2019….".

**a.** This court can take judicial notice of the "Stipulation".

TOC

**4.** As to the fifth paragraph: "Subsequently, the Appellant filed… On December 18, 2109, A&F filed an Amended Motion for Relief from Stay (ECF 59)….".

**a.** In a later hearing of a motion for sanctions, the appellee conceded in open court that the document ECF 59 was not provided to or properly served on the Appellant prior to the 02/05/2020 hearing. Therefore, the Appellant had no basis to understand what the motion said or why it was relevant in the hearing of 02/05/2020. The Appellant's Motion for Extension of Time to Accept or Reject Lease (ECF 85) was the sole motion calendared for 02/05/2020. However, when the Bankruptcy court took up ECF 59 at the hearing, it worked surprise on the Appellant.

**5.** As to the sixth paragraph: "After being granted…. several continuances…. the court entered a ruling denying Debtor's Motion for Extension of Time to Accept or Reject the Lease (ECF 129)".

**a.** This statement is uncontested. This is the basis for the appeal.

**6.** As to the seventh, eighth and ninth paragraphs: "Prior to….."; On March 13, 2020….": "On April 28, 2020….".

    TOC

**a.** These are subsequent rulings of the Bankruptcy Court which are subject to another appeal. *However, those rulings are based on the same conclusion that the lease has terminated pre-petition.*

**b.** The appellee has subsequently made “MOTION FOR JUDGMENT OF POSSESSION IN ACCORDANCE WITH STIPULATION” in the Superior Court Housing Session at Hartford. In its order of 7/14/2020 the Honorable Rupal Shah *denied* the appellee’s motion for a Judgment of Possession stating “*The court will not act while in bankruptcy.”*

**c.** This makes the fact set crystal clear that the Lease between the parties has not terminated and there is no Judgment of Possession pre-petition.

## III. Argument

**1. Res Judicata.** In *A&F Main Street Associates, LLC v. Sakon,* Connecticut Superior Court, HFH-CV-19-6011720-S; A&F moved for Summary Judgment of Possession for non-payment of rent in the 20th year of the ground lease. In its counter-claim, Sakon claimed all rent had abated for the remaining life of the 98-year leasehold due to A&F’s violation of Section 32.01 of the Lease. A settlement agreement in the

form of a "Stipulation" resolving the dispute was ordered by the court. The withdrawal of the summary process action by A&F in lieu of the Stipulation effectively erased the court slate clean as though the eviction predicated on a prior notice to quit possession had never commenced. Housing Authority v. Hird, 13 Conn.App. at 157, 535 A.2d 377. "*We find instructive the Appellate Court's Decision in Housing Authority v. Hird ….. (402)…. "The plaintiff and the defendant were 'back to square one', and the continuation of their lease of ………., was restored. (404)"* Presidential Village, LLC v. Phillips, 325 Conn. 394, 402-404, 158 A.3d 772 (2017).

**2.** The Bankruptcy Court ruled on 03/02/2020, that the debtor had no leasehold interest in the property as the leasehold had terminated upon a Notice to Quit (sic). However, on 7/14/2020 the Honorable Rupal Shah of the Connecticut Superior court *denied* the appellee's motion for a Judgment of Possession stating "*The court will not act while in bankruptcy."* Judge Shah was the very judge who heard the Motion for Summary Judgment and then ordered the Stipulation. If Judge Shah was persuaded that the lease had in fact terminated prepetition under Connecticut Law (as alleged by A&F), then Judge Shah would have acted and granted a judgement of possession. However, the mere fact

that Judge Shah refused to act is evidence that Judge Shah did rule that the lease did not terminate pre-petition. *See HFH-CV-19-6011720S; A&F Main Street Associates, LLC v. Sakon, Order 7/14/2020. Attached hereto as Exhibit A.*

**3.** The appellee's brief fails to provide reason why its allegations should have been accepted by the Bankruptcy Court without a hearing in evidence. The "uncontested facts" that the lease had terminated prepetition upon an alleged service of a Notice to Quit is a hearsay allegation predicated upon evidence of the appellee's own making. There was no hearing on this *contested fact.* In his answer to A&F's summary process action in the Connecticut Court, the debtor had counterclaimed that the obligation to pay Basic Rent and Impositions had ceased due to A&F's violations of Section 32.01 of the Lease. Under this counterclaim and allegation, the lease would not have terminated under Connecticut Law. *See Appellate Appendix, #10 ECF 115. Exhibit A, Tenth Special Defense. Appellate Appendix P. 88.*

**4.** **Stipulation.** It is undisputed that if the debtor paid debt of $97,500 to A&F by November 30, 2019, that the lease would have remained in full force and effect. However, under the rules of the Bankruptcy Court, the

TOC

debtor needed permission of the court to make any such payment.[1] In addition, the debtor needed permission of the court to accept or reject the lease. This is a basic tenant of any Chapter 11 reorganization. A debtor is given a sufficient amount of time to file a reorganization plan under the rules. Hence, there is a Stay of Proceedings to allow the debtor to file his reorganizational plan.

**5.** If this court were to accept the Judgment of the Lower Court, how would this court explain the necessary procedure under the rules for the debtor to execute its plan of reorganization? The debtor could not borrow the money from the other creditors and pay A&F without the court's permission. Even if the debtor were to find the monies from another source (such as an inheritance), the debtor could not pay the debt of $97,500 to the appellee without the court's permission. Hence, the reasoning of the lower court that the debtor failed to pay the $97,500 post-petition under the Stipulation therefore the lease terminates deprives the debtor of the Stay of Proceedings necessary in a Chapter 11 bankruptcy for its reorganization.

[1] It is undisputed that the other creditors of Sakon offered to fund the monies necessary to reinstate the lease to protect their own interests and equity.

TOC

**6.** The debtor had arranged a refinancing of the project with KGAK Financial who provided a Letter of Commitment for $4.8 million pre-petition. However, in a blatant attempt to sabotage the Chapter 11 reorganization, the creditor town of Glastonbury took steps to undermine the KGAK refinancing in October of 2019.[2] Before the debtor could arrange an alternative reorganizational plan, the debtor became ill. Hence the need for an Extension of Time to Accept or Reject the Lease.

**7.** **Case Law.** The extensive case law analysis in appellant's brief has not been contested in the appellee's brief. In fact, the appellee has merely cited the same case law in the support of its position and has not challenged the fact set and analysis of each case cited by the Appellant.

**8.** The parties did agree to a Stipulation. The Stipulation had terms contained therein that did anticipate a filing of bankruptcy. The

---

[2] The reorganization of the debtor has been complicated by the relationship between the creditor town of Glastonbury and the debtor. The debtor is a whistleblower of corruption by municipal officials. In Schedule 33, "Potential and Pending Claims Against Third Parties", the debtor claims actual damages against the town of Glastonbury amounting to $35 million for, *inter alia,* inverse condemnation, discrimination, assault with a motor vehicle, malicious prosecution for false arrests on 11 felonies and 3 misdemeanors. Punitive damages can raise damages by a multiple of actual damages. Attorney John Williams has agreed to represent the debtor in this matter. It would appear that the town of Glastonbury seeks to defund this action by sabotaging the reorganization.

TOC

Stipulation clearly stated that if Bankruptcy was filed, *"then this agreement shall not be construed as a judgment of possession".* The reasoning therefore was clear. As articulated in debtor's brief, in the 2nd District, the case law is clear that a lease could only terminate pre-petition if there was a judgement of possession by the State Court pre-petition. Therefore, it was the clear intent of the parties that the leasehold would became part of the bankruptcy estate if a petition was filed. Now by saying the lease had terminated, the appellee seeks to deny the appellant the terms of the settlement agreement and the bargain struck in the Stipulation.

**a.** The effect of the Stipulation was that the parties agreed the leasehold interest would not terminate pre-petition if bankruptcy was filed on or before December 2, 2019. A&F was competently represented by Attorney Moriarty in the drafting of the Stipulation. Therefore, A&F was well aware that if Bankruptcy was filed, the leasehold interest of Sakon would be subject to the Rules of the Bankruptcy Court and become part of the bankruptcy estate.

**b.** The Stipulation created a debt from Sakon to A&F. This debt is claimed by A&F in a later filing of a Form 410 Proof of Claim

(Attached hereto as Exhibit B). By assuming said debt, Sakon received the benefit of the Stipulation.

**c.** By agreeing to the Stipulation, and after the Connecticut Superior Court made the Stipulation an order of the court, the entire argument by A&F collapses.

**d.** A&F would have this court believe a landlord may unilaterally terminate a lease, and the tenant's rights under the lease are extinguished, upon the simple filing of a Notice to Quit by the landlord, whether that notice to quit has any validity or not. At no time was any of this alleged evidence entered into a Connecticut Court. And at no time did a Connecticut Court issue a ruling that the lease had extinguished. Quite the opposite. The Connecticut Court made the Stipulation an Order of the Court. Since the Stipulation was a settlement of claims, any prior claims of A&F were extinguished when it was filed by the parties and accepted by the court.

**9.** The logic of the Bankruptcy court must be called into question by this appellant review. The debtor provided the court an MAI appraisal valuing the real estate assets of the bankruptcy estate at $11,430,000 as an assemblage. Without the assemblage, there is evidence the

TOC

estate is upside down. So why then, in the interests of justice, would the court seek to place the bankruptcy estate in an upside down position? Particularly, if the debtor and other creditors seek to cure any deficiency in the lease of A&F? Any conclusion the parties are not able to raise the monies necessary is purely speculative if they are not given the chance to perform.

**10.** The only legitimate argument that could have been raised by A&F on the motion for Extension of Time to Accept or Reject the Lease was whether Debtor had a valid reason for the request. A&F never questioned the underlying reason for the request, which was the life-threatening illness of the debtor. The debtor's request for an Extension of Time to Accept or Reject the Lease was reasonable. At no time did A&F object to the underlying reason of debtor's illness.

## IV. Conclusion

**1.** The fact set before this court is extraordinary simple, but has been complicated by issues outside the underlying Motion for Extension of Time. You have a filing of Bankruptcy. You have a Stipulation as to the Lease. You have an automatic stay of proceedings. You have a life threatening illness. You have a request for an extension of time to accept or reject the lease as the debtor-in-possession was in no physical

TOC

condition to proceed. The lease was in its 20th year! There was no compelling reason offered by A&F to deny the request for extension. The Motion for Relief from the Stay of Proceedings was not before the court. The Bankruptcy court erred in mixing the issues in a simple motion. By then coming to the bazaar conclusion that the lease had terminated, the Bankruptcy court made further error.

2. A&F merely seeks to gain a multi-million dollar windfall in the value of the leasehold interest created by the debtor.

3. The matter as to whether the lease had terminated was not properly brought in a Motion for Extension of Time. Still, the existence of the lease post-petition is Res Judicata. A Connecticut Court did take up the matter and did not issue a Judgement of Possession. The Bankruptcy Court cannot substitute its own judgement in the matter.

4. This court should reverse the decision of the lower court as to the Motion for Extension of Time to Accept or Reject the Lease as the lease had not terminated pre-petition and the lower court improperly combined issues in its 02/05/2020 hearing.

## V. <u>Certificate of Compliance</u>

The appellant certifies this brief meets the requirements of Rule 8015.

## VI. <u>Notice and Certification</u>

Notice of this Motion has been provided to all persons required to receive notice according to the Federal Rules of Practice.

I hereby certify that on the above caption date, a copy of the foregoing was filed with the court and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System. The foregoing was also served on the aforementioned date, by email to the parties as indicated below.

Goldstein, Eric (EGoldstein@goodwin.com); Thomas Moriarty (tom@mpslawfirm.com); Donald E. Frechette Esq. (donald.frechette@lockelord.com); steven.e.mackey@usdoj.gov; Welsh, Jaime A. (JWelsh@goodwin.com); Heidel, Kristen L (KHeidel@goodwin.com); 'Stephen Sakonchick' sakon@flash.net;

By: John Sakon

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel: (860) 793-1000
Fax: (860) 675-4600
Email: johnsakon@sakon.biz

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**at New Haven**

**Case No. 3:20-cv-00353-JAM**

**In re: JOHN ALAN SAKON**
**Debtor-Appellant**

**Vs.**

**A&F Main Street Associates, LLC**
**Creditor-Appellee**

# APPELLANT'S REPLY BRIEF APPENDIX

**Appeal of the Decision of the**
**Bankruptcy Court of Hartford**
**Denying Debtor's Motion for Extension of Time**
**To Accept or Reject Lease**
**DOCKET NO. 19-21619 [85] [129]**

**JULY 20, 2020**

By: [signature]

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel: (860) 793-1000
Fax: (860) 675-4600
Email: johnsakon@sakon.biz

ORDER 435708

DOCKET NO: HFHCV196011720S

SUPERIOR COURT

A&F MAIN STREET ASSOCIATES, LLC
V.
SAKON, JOHN

HOUSING SESSION
AT HARTFORD

7/14/2020

ORDER

ORDER REGARDING:
06/12/2020 122.00 MOTION FOR JUDGMENT IN ACCORDANCE WITH STIPULATION

The foregoing, having been considered by the Court, is hereby:

ORDER:

The court will not act while in bankruptcy.

435708

Judge: RUPAL SHAH
Processed by: Suzana Zenko

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

Exhibit B

TOC

**Fill in this information to identify the case:**

Debtor 1 John Alan Sakon

Debtor 2 (Spouse, if filing) ____________________

United States Bankruptcy Court for the: District of Connecticut

Case number 19-21619

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

A&F Main Street Associates, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____________________

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____________________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name: Thomas P. Moriarty | Name: |
| Number Street: 2230 Main Street | Number Street: |
| City: Glastonbury State: CT ZIP Code: 06033 | City: State: ZIP Code: |
| Contact phone: 860-657-1010 | Contact phone: |
| Contact email: Tom@mpslawfirm.com | Contact email: |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____________________

TOC

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| **7. How much is the claim?** | $ 97,500.00. **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>Stipulated agreement after the termination of lease |
| **9. Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: ____________<br>**Basis for perfection:** ____________<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property:** $____________<br>**Amount of the claim that is secured:** $____________<br>**Amount of the claim that is unsecured:** $____________ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br>**Amount necessary to cure any default as of the date of the petition:** $____________<br>**Annual Interest Rate** (when case was filed)_______%<br>☐ Fixed<br>☐ Variable |
| **10. Is this claim based on a lease?** | ☐ No<br>☑ **Yes. Amount necessary to cure any default as of the date of the petition.** $ 97,500.00 |
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: ____________ |

TOC

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 01/08/2020
MM / DD / YYYY

Signature ____________________

**Print the name of the person who is completing and signing this claim:**

Name: Thomas P. Moriarty
First name / Middle name / Last name

Title: Attorney for A&F Main Street Associates, LLC

Company: Moriarty, Paetzold & Sherwood
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 2230 Main Street
Number / Street

Glastonbury CT 06033
City / State / ZIP Code

Contact phone: 860-657-1010 Email: Tom@mpslawfirm.com